UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENIS GRAY TRUCKING, INC., CARMICHAEL LEASING CO., INC. d/b/a CARMICHAEL NATIONALEASE, and GTL ENTERPRISES INC., on behalf of themselves and all similarly situated persons and entities,<br><br>        Plaintiffs,<br><br>   v.<br><br>NAVISTAR INTERNATIONAL CORPORATION,<br><br>        Defendant. | No. 14 C 5249<br><br>Hon. Ronald A. Guzman |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION[1]

Plaintiffs Denis Gray Trucking, Inc. ("Denis Gray"), Carmichael Leasing Co., Inc. d/b/a

Carmichael NationaLease ("Carmichael"), and GTL Enterprises Inc. ("GTL") (collectively,

---

[1] Plaintiffs are presently filing this motion in light of the Seventh Circuit's opinion in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). In *Damasco*, the Seventh Circuit affirmed the district court's dismissal of the action on the grounds that the defendant's offer of full relief to the named plaintiffs prior to a motion for class certification stripped those plaintiffs of their interests in the case, thereby mooting the action. In so affirming, however, the Seventh Circuit held that "[a] simple solution to the buy-off problem . . . [is for] [c]lass-action plaintiffs [to] move to certify the class at the same time that they file their complaint." *Id*. at 896.

     In response to the concern that such an approach would "provoke plaintiffs to move for class certification prematurely, before they have fully developed or discovered the facts necessary to obtain certification," the court went on to assert that it is the filing of a class certification motion, and neither the adjudication (or even the forward progress) thereof, that precludes the "buy-off" problem, stating that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation," and confirming that "this procedure comports with Federal Rule of Civil Procedure 23(c)(1)(A), which permits district courts to wait until 'an early practicable time' before ruling on a motion to certify a class." *Id*.

"Plaintiffs") respectfully move this Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23.

1. Pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on their own behalf and on behalf of a proposed nationwide class and three statewide clases of purchasers and lessees of certain of Defendant's vehicles (collectively, the "Class") defined as:

> Plaintiffs and all similarly-situated persons and entities residing in the United States who purchased, not for resale, or leased a 2008-2013 model year Navistar International Corporation vehicles equipped with Maxxforce Advanced EGR diesel engines in the United States.
>
> Plaintiff Denis Gray and all similarly-situated persons and entities residing in the United States who purchased, not for resale, or leased a 2008-2013 model year Navistar International Corporation vehicles equipped with Maxxforce Advanced EGR diesel engines in the State of California.
>
> Plaintiff GTL and all similarly-situated persons and entities residing in the United States who purchased, not for resale, or leased a 2008-2013 model year Navistar International Corporation vehicles equipped with Maxxforce Advanced EGR diesel engines in the State of Washington.
>
> Plaintiff Carmichael and all similarly-situated persons and entities residing in the United States who purchased, not for resale, or leased a 2008-2013 model year Navistar International Corporation vehicles equipped with Maxxforce Advanced EGR diesel engines in the State of Illinois.

Excluded from the Class are Navistar International Corporation ("Navistar"), its agents, affiliates, and employees, the Judge assigned to this matter, and any member of the Judge's staff and immediate family. (Class Action Complaint, Dkt. No. 1 ("Compl."), ¶ 91.)

2. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims. In support of its motion,[2] Plaintiffs state the following:

I. **Fed. R. Civ. P. 23's Requirements for Class Certification Are Satisfied.**

3. Defendant Navistar is a holding company with subsidiaries and affiliates that produce commercial trucks and diesel engines. (*Id.* ¶ 17.) Plaintiffs allege that Navistar failed to disclose to Plaintiffs and all other members of the Class that the emissions system on Navistar's Maxxforce Advanced Exhaust Gas Recirculation ("EGR") diesel engines was defective and led to repeated failures, as described more fully in the Complaint. (*Id.* ¶¶ 21-39.) In addition, Navistar failed to repair the defective engines properly during the warranty period, and concealed from Plaintiffs and all other members of the Class both the fact that its engines were defective and the fact that its defective engines would reduce the resale value of trucks equipped with these engines. (*Id.* ¶¶ 41-42.)

4. On information and belief, Plaintiffs assert that the Class includes over one thousand members comprised of trucking companies, including Plaintiffs here, and individual owner-operator truck drivers who have been affected by (a) the failure of Navistar's defective engines; (b) Navistar's failure to fix its defective engines; and (c) realization of a lower resale value for trucks equipped with the defective Navistar engines. (*Id.* ¶ 93.)

5. Even at this early stage of the litigation, it is clear that this case is suitable for class certification.

6. The Court may certify a class when the plaintiffs demonstrate that the proposed class and proposed class representatives meet Rule 23(a)'s four prerequisites – numerosity,

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file Plaintiffs' opening memorandum of law in support thereof, and the opportunity to conduct discovery in further support of this Motion.

commonality, typicality, and adequacy of representation – and at least one of the three provisions of Rule 23(b). A district court has "broad discretion" in determining whether to certify a class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). As shown below, the Class satisfies each of Rule 23(a)'s prerequisites, as well as the requirements for certification under Rule 23(b)(3).

A.   **Numerosity: Federal Rule of Civil Procedure 23(a)(1)**

7.   The Rule 23(a)(1) numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no specific number required to satisfy this requirement, nor are the plaintiffs required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). A class action may proceed upon estimates as to the size of the proposed class and "[t]he court is entitled to make common-sense assumptions that support a finding of numerosity." *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 342 (N.D. Ill. 2001); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006).

8.   The numerosity requirement is easily met. On information and belief, hundreds of trucking companies and independent owner-operators have been harmed by Navistar's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiffs, but may be ascertained from a review of records in Navistar's possession relating to the sales, lease and repair claims of Maxxforce Advanced EGR engines. *Morris*, 203 F.R.D. at 342. Accordingly, there is no question that Navistar sold thousands of defective engines, resulting in at least a thousand Class members. A more exact number of Class

members will be confirmed during discovery. Thus, the numerosity requirement of Rule 23(a)(1) is satisfied.

**B.     Commonality/Predominance:  Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)**

9.     The commonality element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts recognize that there may be factual differences between class members, but "factual variations among class members' claims" do not themselves "defeat the certification of a class." *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1980); *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993).

10.     Although common questions of either law or fact can be used to support a class action, both exist here. The common questions of fact and law for the Class here include:

*Questions of Fact*

(i)     Whether the Maxxforce Advanced EGR Engines are defectively designed and/or manufactured such that they are not suitable for their intended use.

(ii)    Whether the Maxxforce Advanced EGR Engines suddenly and dangerously fail.

(iii)   Whether the Maxxforce Advanced EGR Engines are substantially likely to fail before their intended useful life as a result of their defective design and/or manufacture.

(iv)   Whether Navistar knew or should have known of the inherent design and/or manufacturing defect of the Maxxforce Advanced EGR Engines.

(v)    Whether Navistar fraudulently concealed from and/or failed to disclose to Plaintiffs and Class members that Maxxforce Advanced EGR Engines were inherently defective and dangerous and prone to fail prematurely.

5

(vi)  Whether Navistar failed to adequately warn Plaintiffs and Class members of the inherent defects and dangers posed by the Maxxforce Advanced EGR Engines.

(vii)  Whether Navistar's dealerships were unable to properly repair the Defect, such that Navistar failed to honor its warranty obligation to properly repair the Engine during the warranty period.

(viii)  Whether Plaintiffs and Class members were in fact injured by purchasing a vehicle that contains an engine which does not meet the quality standard represented by Navistar.

*Questions of Law*

(i)  Whether Navistar's conduct in manufacturing, marketing and selling the Maxxforce Engines constitutes a violation of the California Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.*; the Washington Consumer Protection Act, RCW 19.86.020 *et seq.*; and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.*

(ii)  Whether Navistar's conduct in selling Engines it knew to be defective, and its conduct in failing to inform purchasers of vehicles equipped with these Engines of the defect, constitutes a violation of the Washington Consumer Protection Act, RCW 19.86.020 *et seq.*; and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.*

(iii)  Whether Navistar engaged in unfair or deceptive acts or practices when it concealed the inherent defective conditions and dangers of the Maxxforce Engines and failed to warn Plaintiffs and the Class members of same.

(iv)  Whether Navistar breached express and implied warranties.

11. Because there is a common nucleus of operative facts and legal issues, Plaintiffs satisfies the commonality requirement of Rule 23(a)(2).

12. Rule 23(b)(3)'s predominance requirement provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). In this case, Plaintiffs and the other Class members have factually suffered a common cause of injury – specifically, Navistar's defective engines in Plaintiffs and the other Class members' vehicles. *See In re IKO Roofing Shingle Prods. Liab. Litig.*, --- F.3d ---, No. 14-1532, 2014 WL 2958615, at *3 (7th Cir. July 2, 2014) (noting that "[i]n a suit alleging a defect common to all instances of a consumer product, however, the conduct does not differ"); *Butler v. Sears*, 727 F.3d 796, 801 (7th Cir. 2013) (holding that class certification is appropriate where "[t]here is a single, central, common issue of liability: whether the [product] is defective"). In addition, Plaintiffs and the other Class members have common legal issues. Thus, the predominance requirement is satisfied because liability will be decided predominately, if not entirely, based on common evidence of Navistar's conduct.

C. **Typicality: Federal Rule of Civil Procedure 23(a)(3)**

13. Rule 23 also requires that Plaintiffs' claims be typical of other Class members' claims. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if Plaintiffs' claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). The existence of factual differences will not

preclude a finding of typicality. *Id.* "Typicality does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Securities Litigation*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted).

14. The claims of a named plaintiff need only share "the same essential characteristics" as those of the class. *Id.* Indeed, "[s]imilarity of legal theory is more important than factual similarity . . . ." *Id.*, quoting *Harris v. City of Chicago,* Nos. 96 CV 2406, 96 CV 7526, 1998 WL 59873, at *5 (N.D. Ill. Feb. 9, 1998).

15. Here, Plaintiffs' claims are also based on the same legal theories and cannot be factually distinguished from the claims of the other Class members because each claim arises from identical conduct: Navistar manufactured and sold or leased trucks with defectively engineered and/or manufactured, inherently defective and dangerous engines to Plaintiffs and the other Class members, and intentionally concealed the engine defects, Navistar's inability to repair the defective engines, and the lower resale value of trucks equipped with Navistar's defective engines from Plaintiffs and the other Class members. Plaintiffs have thus met the typicality requirement of Rule 23(a)(3).

**D.      Adequacy of Representation:  Federal Rule of Civil Procedure 23(a)(4)**

16. The final Rule 23(a) prerequisite requires that proposed class representatives "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires that both the proposed class representatives and their counsel have the ability to "zealously represent and advocate on behalf of the class as a whole." *Maxwell v. Arrow Fin. Services, LLC*, 2004 WL 719278, *5 (N.D. Ill. Mar. 31, 2004). The proposed class representatives must not have claims that are "antagonistic or conflicting . . . with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous

advocacy." *Id.* (internal quotations omitted). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

17. In this case, no conflicts exist between Plaintiffs and the other Class members, given the identical nature of their claims. *Rosario*, 963 F.2d at 1018. Moreover, Plaintiffs have the same interests as the other members of the proposed Class – obtaining relief from Navistar to recover damages suffered by Plaintiffs and the other Class members as a result of Navistar's conduct. Plaintiffs, therefore, have no interests antagonistic to the interests of the other members of the proposed Class. Furthermore, Plaintiffs have retained counsel who regularly engage in major complex litigation and class actions. Accordingly, Plaintiffs and their counsel will adequately represent the other Class members' interests.

**E.     Superiority:  Federal Rule of Civil Procedure 23(b)(3)**

18. Rule 23(b)(3)'s superiority element requires a showing that "a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P 23(b)(3). Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3).

19. The instant class action is superior to other available methods for the fair and efficient adjudication of Plaintiffs' and the other Class members' claims. The burden and

9

expense of individual prosecution of the litigation necessitated by Navistar's actions towards Plaintiffs and the other Class members, Navistar, and the judiciary makes a class action superior to other available methods of resolution. *See Smith v. Greystone Alliance LLC*, No. 09 C 5585, 2011 WL 30745 at * 2 (N.D. Ill. Jan 25. 2011) citing *Carnegie v. Household Int'l, Inc.*, 376 F. 3d 656, 661 (7th Cir. 2004). In addition, individual litigation would present the potential for varying, inconsistent and contradictory judgments while magnifying the delay and expense to all parties and to the court system, resulting in multiple trials of the same legal issue and creating the possibility of repetitious litigation involving identical legal and factual issues. Thus, absent a class action, it would be difficult, if not impossible, for the individual Class members here to obtain effective relief.

20. For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. Plaintiffs hereby request that the Court allow for and schedule discovery, including discovery pertaining to class-related issues, to commence, during or after which Plaintiffs will file a memorandum in support of this motion detailing the appropriateness of class certification and asking the Court to rule on their class certification motion at that time.[3]

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the proposed Class, respectfully requests that the Court enter an Order:

A. Reserving ruling on Plaintiffs' Motion for Class Certification;

B. Allowing for and scheduling discovery to proceed with respect to, among other things, class-related issues;

---

[3] Plaintiffs reserve the right to amend the class definition should discovery mandate such amendment.

  C. Granting Plaintiffs leave to file a memorandum in support of its Motion for Class Certification either during or at the conclusion of the discovery period;

  D. Granting Plaintiffs' Motion for Class Certification after full briefing of the issues presented herein; and

  E. Providing all other and further relief that the Court deems equitable and just.

Dated: July 10, 2014       Respectfully submitted,

By: /s Adam J. Levitt       By: /s Jonathan D. Selbin
   Adam J. Levitt         Jonathan D. Selbin

Adam J. Levitt
alevitt@gelaw.com
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Phone: (312) 214-0000

Jonathan D. Selbin
jselbin@LCHB.com
Jeremy M. Glapion (*pro hac vice* to be filed)
jglapion@LCHB.com
LIEFF CABRASER HEIMANN & BERNSTEIN
250 Hudson Street, 8th Floor
New York, New York 10013
Phone: (212) 355-9500

Mark P. Chalos (*pro hac vice* to be filed)
mchalos@LCHB.com
LIEFF CABRASER HEIMANN & BERNSTEIN
150 Fourth Avenue North
Suite 1650
Nashville, Tennessee 37219
Phone: (615) 313-9000

Kim D. Stephens (*pro hac vice* to be filed)
kstephens@tousley.com
Jason T. Dennett (*pro hac vice* to be filed)
jdennett@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue
Suite 2200
Seattle, Washington 98101
Phone: (206) 682-5600

Cory S. Fein (*pro hac vice* to be filed)
CADDELL & CHAPMAN
1331 Lamar Street
Suite 1070
Houston, Texas 77010
Phone: (713) 751-0400

11

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 10, 2014, a copy of the foregoing document was filed electronically using the CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. Service has also been provided to the counsel listed below via first-class U.S. mail and e-mail:

        Steven K. Covey
        Senior Vice President, General Counsel & Chief Ethics Officer
        Navistar International Corporation
        2701 Navistar Drive
        Lisle, Illinois 60532
        Steven.Covey@NAV-INTERNATIONAL.com

                By: /s/ Adam J. Levitt
                      Adam J. Levitt