**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation** | **Master Case No. 1:14-cv-10318**<br><br>This filing applies to<br>All Class Cases<br><br>**Judge Joan B. Gottschall** |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND COSTS AND NAMED PLAINTIFF SERVICE AWARDS, AND ENTERING FINAL ORDER AND JUDGMENT**

Named Plaintiffs and Defendants Navistar, Inc. and Navistar International Corporation entered into a Settlement Agreement on or about May 28, 2019 to fully and finally resolve the claims of Named Plaintiffs, on their behalf and on behalf of all persons and entities similarly situated, that Defendants allegedly sold or leased 2011-2014 model year vehicles equipped with certain MaxxForce 11- or 13-liter diesel engines equipped with a defective EGR emissions system. ECF No. 632-1.[1] The Court held a preliminary approval hearing on May 31, 2019, and, on June 12, 2019, the Court granted preliminary approval of the Settlement, provisionally approving certification of a nationwide class for settlement. ECF No. 648.

On November 13, 2019, the Court held a Fairness Hearing on (1) Named Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement (ECF No. 672) and (2) Named

---

[1] Unless defined differently herein, this Final Order and Judgment incorporates the definitions in the Settlement Agreement, and terms used herein shall have the same meanings as set forth in the Settlement Agreement. The Settlement Agreement is adopted by the Court and made part of this Final Order and Judgment as if set out in full herein. ECF No. 632-1. In the event of any inconsistency between the Settlement Agreement and a term defined differently herein, the definition herein shall apply.

- 2 -

Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and for Class Representative Service Awards (ECF No. 668). The Court heard argument from Named Plaintiffs, Defendants and objectors.[2] Through the briefs, exhibits, and argument at the Fairness Hearing, the Court has thoroughly examined and considered the Settlement and Settlement Agreement, the requests for Attorneys' Fees and Costs and Service Awards, and the objections. On January 3, 2020, the Court issued Pretrial Order No. 31, explaining why the Settlement merits approval and overruling the objections. ECF No. 730.

Having reviewed the motions and all related pleadings and filings and having also heard the evidence and argument presented at the Fairness Hearing, and for the reasons set forth in Pretrial Order No. 31, which are incorporated herein by reference, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

## FINAL ORDER AND JUDGMENT

**Certification of the Class.**

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Order and Judgment, the "Class"):

   All entities and natural persons who owned or leased, before August 11, 2019, a 2011-2014 model year vehicle equipped with a MaxxForce 11- or 13-liter engine certified to meet EPA 2010 emissions standards without selective catalytic reduction technology, provided that vehicle was purchased or leased in any of the fifty (50) States, the District of Columbia, Puerto Rico, or any other United States territory or possession.

   Excluded from the Class are: (1) all federal court judges who have presided over this Litigation and any members of their immediate families; (2) all entities and natural persons that have litigated claims involving Class Vehicles'

---

[2] Four members of the Class ("Objectors") collectively objected to the Settlement. ECF No. 694. One additional member of the Class objected *pro se*, but later withdrew her objection for no consideration after the terms of the Settlement were explained to her. ECF No. 722-2 Ex. B. There were no objections to the requested Attorney' Fees and Costs or requested Service Awards.

- 2 -

allegedly defective EGR emissions system against Navistar to final, non-appealable judgment (with respect to those vehicles only); (3) all entities and natural persons who, via a settlement or otherwise, delivered to Navistar releases of their claims involving Class Vehicles' allegedly defective EGR emissions system (with respect to those vehicles only); (4) Defendants' employees, officers, directors, agents, and representatives, and their family members; (5) any Authorized Navistar Dealer of new or used vehicles; (6) any person or entity that purchased a Class Vehicle solely for the purposes of resale (with respect to those vehicles only); (7) any person or entity that was a lessee of a Class Vehicle for fewer than thirty-one (31) days (with respect to those vehicles only); and (8) Idealease and Navistar Leasing Co. (lessees of Class Vehicles for more than thirty (30) days from these entities are part of the Class).

2. For the reasons stated in its order granting preliminary approval to the Settlement (ECF No. 648) and summarized below, the Court finds that the Class meets the requirements of Rule 23 for certification for settlement purposes:

   a. Rule 23(a)(1) Numerosity: The proposed Class is too numerous to practicably join all members, because it includes approximately 45,000 members. ECF No. 660 ¶ 6.

   b. Rule 23(a)(2) Commonality: Resolution of this litigation would depend on the common answers to common questions, such as whether the Class Vehicles are defective; whether Defendants knew or should have known of the defect prior to sale; whether Defendants' warranties required them to fix the defect; and whether the Class Vehicles came with an implied warranty of merchantability.

   c. Rule 23(a)(3) Typicality: Named Plaintiffs' claims are typical of the members of the proposed Class because they challenge the same conduct—the design and sale of the same Navistar trucks—that allegedly affected all Class Members, and they make the same legal arguments and face the same defenses as all Class Members.

   d. Rule 23(a)(4) Adequacy: Both Named Plaintiffs and Co-Lead Class Counsel have adequately represented the Class throughout the Litigation.

   e. Rule 23(b)(3) Predominance: Common issues in the Litigation, such as the existence of a defect, Defendants' knowledge of that defect, and the materiality of that defect to reasonable consumers, predominate over individual issues.

   f. Rule 23(b)(3) Superiority: A class action is superior to many individual actions.

3. The Court appoints Co-Lead Class Counsel and the Named Plaintiffs as counsel and representatives, respectively, for the Class.

**Notice.**

4. The Court affirms the appointment of JND Class Action Administration ("JND") as Settlement Administrator.

5. In accordance with the Settlement Agreement, JND launched the Settlement Website and contacted Departments of Motor Vehicles nationwide to acquire Class Member contact information. JND acquired mailing addresses for the Class Members associated with over 99% of Class Vehicles and email addresses for 43% of Class Members. ECF No. 660 ¶ 4. Pursuant to this Court's preliminary approval order, JND mailed and emailed notice to the Class at these addresses on August 9, 2019. *Id.* ¶¶ 9, 11. Therefore, direct notice was sent to the vast majority of Class Members.

6. The Class Notice, together with all included and ancillary documents thereto, complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and reasonably informed members of the Class of (a) appropriate information about the nature of this lawsuit, including the class claims, issues, and defenses, and the essential terms of the Settlement Agreement; (b) the definition of the Class; (c) appropriate information about, and means for obtaining additional information regarding the lawsuit and the Settlement Agreement; (d) appropriate information about, and means for obtaining and submitting, a claim; (e) appropriate information about the right of Class Members to appear through an attorney, as well as the time, manner, and effect of excluding themselves from the Settlement, objecting to the terms of the Settlement Agreement, or objecting to Co-Lead Class Counsel's request for an award of attorneys'

fees and costs, and the procedures to do so; (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from, or objecting to, the Settlement; and (g) the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.

7.     The Court finds that Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of applicable laws and due process.

8.     The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

**Final Approval of Settlement**.

9.     At the Fairness Hearing held on November 13, 2019, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the notice provided to Class Members, considering the pleadings and argument of the parties and their counsel, the arguments of Objectors, and the interests of all absent members of the Class.

10.    After thoroughly considering the briefing and arguments of the Settling Parties and Objectors and considering the factors required by Rule 23 and the Seventh Circuit and as set forth in Pretrial Order No. 31, this Court concludes that this Settlement is fair, reasonable, and adequate, and grants final approval to the Settlement.

11.    Specifically, the Court determines that (a) the Named Plaintiffs and Co-Lead Class Counsel have adequately protected the Class; (b) the Settlement was negotiated at

arm's length; (c) the relief to the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure; and (d) the Settlement treats Class Members equitably relative to each other.  Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate.  The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class action mediator Judge Wayne Andersen (Ret.), and is non-collusive.

12. The parties have represented to the Court that no other agreements exist in connection with the Settlement other than an agreement that would have allowed Defendants and Co-Lead Counsel to terminate the Settlement in certain defined circumstances that did not occur.

13. All timely objections filed by members of the Class have been fully considered by the Court and are overruled, as explained in Pretrial Order No. 31.  The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Class.

**Implementation of Settlement**.

14. Consistent with the Settlement Agreement, the Settlement Administrator shall provide to members of the Class, upon submission of a valid claim, depending upon the benefit selected as well as pursuant to applicable terms and documentation requirements set forth in the Settlement Agreement, one or more of the following benefits for each

Class Vehicle: (a) up to $2,500 cash; (b) up to a $10,000 rebate off the price of a new Navistar truck; or (c) up to $15,000 compensation for Covered Costs. These benefits shall be provided from the Cash Fund and Rebate Fund as provided for under the Settlement Agreement. The Settling Parties shall carry out their respective obligations as stated in the Settlement Agreement.

**Attorneys' Fees And Costs, And Named Plaintiff Service Awards.**

15. The Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Pursuant to this Court's Order (ECF No. 27), Co-Lead Class Counsel and other Fee Recipients working on behalf of the Class maintained daily records of time spent and expenses incurred on behalf of the Class, and submitted periodic billing statements to the Court. Co-Lead Class Counsel requested $36,488,073.26 in fees based on nearly 74,000 hours reported by 15 firms. Having been regularly kept apprised of the time spent by counsel, having reviewed the regular time submissions and the motion for fees and supporting documentation, and given that no party or Class Member has opposed or objected to the fee request, the Court finds the fee request supported and reasonable.

16. Co-Lead Class Counsel also seek reimbursement of $3,511,926.74 in out-of-pocket costs advanced for the Class. Counsel submitted documentation supporting the requested costs, which showed they were appropriate expenditures on behalf of the Class and are of the type recoverable. The Court approves the request for reimbursement of $3,511,926.74 in advanced costs.

17. Co-Lead Class Counsel also request $25,000 Service Awards for the 29 Named Plaintiffs (counting related corporate entities as a single Named Plaintiff). When courts

Case: 1:14-cv-05249 Document #: 44 Filed: 02/07/20 Page 8 of 14 PageID #:1903

evaluate such awards, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving $25,000 award). Here, the Named Plaintiffs each sat for at least one deposition, searched for hundreds or thousands of documents each to produce in discovery, and most presented their trucks for inspection. The Court concludes that the requested $25,000 Service Award is appropriate for each Named Plaintiff.

18. For the reasons stated above, the Court approves Co-Lead Class Counsel's requests for Attorneys' Fees and Costs and for Service Awards.

**Exclusions from the Class**.

19. The Settlement Administrator has received, from certain members of the Class, requests for exclusion from the Class and has provided Co-Lead Class Counsel and Defendants' counsel copies of those requests. A list of the persons who have timely requested to be excluded from the Settlement has been submitted to the Court. ECF No. 698. All persons named in the list submitted to the Court as having filed timely requests for exclusions with the Settlement Administrator are excluded from the Class and will not be bound by the terms of the Settlement. Each individual or entity that otherwise falls within the definition of the Class shall be bound by the terms of the Settlement.

**Releases.**

20. In consideration of the Settlement, the Named Plaintiffs and each member of the Class, on behalf of themselves and any other legal or natural persons who may claim by, through, or under them, agree to fully, finally, and forever release, relinquish, acquit,

- 9 -

discharge, and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Litigation, including, but not limited to, compensatory, exemplary, punitive, and expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim of any kind arising from, related to, connected with, and/or in any way involving the Litigation or the Class Vehicles in any manner that are defined, alleged, included, or described in the Second or Third Amended Consolidated Class Action Complaint, the Litigation, or any amendments of the Litigation (collectively, the "Released Claims").  In connection with the Settlement, the Named Plaintiffs and members of the Class acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Litigation and/or the Release herein.  Nevertheless, it is the intention of Co-Lead Class Counsel and the members of the Class to fully, finally, and forever settle, release, discharge, and hold harmless all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Litigation, except as otherwise stated in the Settlement Agreement.

21. Nothing in this order is intended to modify, change, or diminish the manufacturer's limited, written warranty with respect to a Class Vehicle; to affect any

lease, loan, or purchase payments due Defendants or their affiliates; or release any entitlement by members of the Class to Future Authorized Field Changes. Members of the Class (other than Named Plaintiffs) are not releasing any claims for personal injury or damage to property other than the Class Vehicle and Covered Costs.

22. The Named Plaintiffs individually release all claims of any kind arising from, related to, in connection with, or in any way involving the allegations in the Second or Third Consolidated Class Action Complaint, their individual or separate class complaints, the Litigation, or the Class Vehicles.

23. All Named Plaintiffs and members of the Class have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to their released claims.

24. Defendants release Named Plaintiffs and Co-Lead Counsel from any potential claims, counter-claims or other relief (including the ability to seek a bill of costs under the Federal Rules of Civil Procedure) arising from the Litigation that could have been asserted against Named Plaintiffs or Co-Lead Class Counsel as of the date of the Settlement Agreement.

**Covenant Not to Sue**.

25. In consideration of the terms of the Settlement Agreement, all members of the Class, including the Named Plaintiffs, are found to have (a) covenanted and agreed that neither Named Plaintiffs nor any members of the Class, nor anyone authorized to act on behalf of any of them, will commence, authorize, prosecute, or accept any benefit from

any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement, against Defendants, or any of them with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to, any alleged loss, harm, or damages allegedly caused by Defendants, or any of them, in connection with the Released Claims; (b) waived and disclaimed any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by, or on behalf of, any of them or any putative class of Class Members; and (c) agreed that this judgment shall be a complete bar to any such action by any Named Plaintiff or member of the Class.

**<u>Settlement Agreement as Exclusive Remedy for Released Claims</u>**.

26. Upon entry of this Final Order and Judgment, enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Class, including Named Plaintiffs but excluding those who have properly opted out, all of whom are permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims. Members of the Class who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

27. This Final Order and Judgment bars and permanently enjoins all members of the Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims and (b) organizing Class Members who have not been excluded from

the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, except that Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

**Effect of Final Judicial Determination of Invalidity or Unenforceability**.

28. If, after entry of this Final Order and Judgment by the Court, a notice of appeal of this Final Order and Judgment is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Order and Judgment is in any respect invalid, contrary to law, or unenforceable (except for such determinations that are limited to the Attorneys' Fees and Costs and/or Service Awards), this Final Order and Judgment shall be automatically vacated, the Settlement Agreement shall be null and void, and Defendants may fully contest certification of any class as if no Class had been certified. In addition, the Settling Parties shall return to their respective positions in this lawsuit as they existed immediately before the Settling Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Settling Parties or used as evidence against, or over the objection of, any of the Settling Parties for any purpose in this action or in any other action.

**No Admission of Liability**.

29. The Settling Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in the Settlement Agreement, any documents relating to the Settlement, this Court's preliminary approval

order, or this Final Order and Judgment shall be construed, deemed, or offered as an admission by any of the Settling Parties or any other person or entity for any purpose in any judicial or administrative action or proceeding of any kind, whether in law or equity.

**Entry of Final Judgment**.

30. The Court dismisses with prejudice all class cases filed in *In re MaxxForce Engines Marketing, Sales Practices and* Products *Liability Litigation,* MDL No. 2590 (the "MDL") against one or both of the Defendants.[3] The Court further orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Litigation by Named Plaintiffs, on behalf of themselves, the Class, or both. In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

31. Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over (a) implementation of this Settlement and the MDL; (b) all matters related to the administration and consummation of the Settlement; and (c) all parties to the MDL for the purpose of implementing, enforcing, monitoring compliance with, effectuating, administering, and interpreting the provisions of the Settlement Agreement and this Final Order and Judgment.

---

[3] The class claims brought by opt-out Wright Transportation, Inc. ("Wright") in Case No. 14-cv-7805 are dismissed with prejudice, but Wright retains the ability to assert its individual claims against Defendants.

32. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

**IT IS SO ORDERED** this 21st day of January, 2020.

_____/s/_____
Joan B. Gottschall
United States District Judge